IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AMBER MARKEY                                                                            PLAINTIFF

vs.                                    Civil No. 6:16-cv-06051

NANCY BERRYHILL                                                                         DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Amber Markey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI were filed on November 15, 2012. (Tr. 10). Plaintiff alleged she was disabled due to fibromyalgia, depression, anxiety, post-traumatic stress disorder (PTSD), Graves Disease, hypothyroidism, migraines, bilateral shoulder pain, neck pain, and insomnia. (Tr. 219). Plaintiff alleged an onset date of May 30, 2009. (Tr. 10, 219). These

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

applications were denied initially and again upon reconsideration. (Tr. 10). Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 147).

Plaintiff's administrative hearing was held on May 5, 2014. (Tr. 32-67). Plaintiff was present and was represented by counsel, Shannon Carroll, at this hearing. *Id.* Plaintiff and testified at this hearing and Vocational Expert ("VE") Stefanie Ford was present. *Id.* At the time of this hearing, Plaintiff was thirty-two (32) years old and had a high school education. (Tr. 39).

On January 28, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-26). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2014. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 30, 2009, his alleged onset date. (Tr. 12, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of hypothyroidism, fibromyalgia, intermittent headaches, intermittently exacerbated musculoskeletal joint pain. (Tr. 12, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-25). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work and could lift or carry 20 pounds occasionally and 10 pounds frequently; sit, stand, or walk for six hours; occasionally climb ladders, ropes, or scaffolds;

2

occasionally balance, stoop, kneel, crouch, or crawl; occasionally reach overhead with the bilateral upper extremities with an unlimited ability to handle, finger, or feel; and had no limitations related to vision, communication, or environment. (Tr. 14, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 25, Finding 6). The ALJ found Plaintiff was capable of performing her PRW as a retail cashier and grocery clerk. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 30, 2009, through the date of the decision. (Tr. 26, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On May 19, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 20, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

3

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in failing to properly assess her physical impairments and (B) in the Step 4 analysis. ECF No. 11, Pgs. 8-21. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

**A. Non-exertional Limitations**

Plaintiff alleges the ALJ erred because he failed to properly consider Plaintiff's fibromyalgia and other non-exertional limitations. ECF No. 11, Pg. 8-18. However, the ALJ did consider Plaintiff's alleged limitations and provided for them in the RFC assessment. (Tr. 14-25).

A "non-exertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Non-exertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1).

Plaintiff argues the ALJ erred in his evaluation of her fibromyalgia and non-exertional limitations. To begin with, a diagnosis of a condition alone is not sufficient to prove disability. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Further, the ALJ did not find Plaintiff had the ability to perform the full range of light work. In fact, the ALJ limited Plaintiff's RFC by finding

5

Plaintiff could only occasionally balance, stoop, kneel, crouch, or crawl; occasionally reach overhead with the bilateral upper extremities with an unlimited ability to handle, finger, or feel; and had no limitations related to vision, communication, or environment. (Tr. 14).

With regard to fibromyalgia, the ALJ specifically considered the evidence pertaining to fibromyalgia and found Plaintiff's fibromyalgia was a severe impairment. (Tr. 12-14). Further, the ALJ stated he fully acknowledged the established diagnosis of this condition. (Tr. 24).

In his opinion, the ALJ stated that despite the diagnosis of fibromyalgia, Plaintiff had full active cervical range of motion in all planes with clinical absence of muscular atrophy in the upper extremities, normal reflexes, intact sensory functioning, full muscular strength in her extremities, and a negative Tinsel's signs and compression testing. (Tr. 22, 24). The ALJ also pointed out that Plaintiff's physician did not recommend or identify any associated physical restrictions or limitations with regard to her overall physical functioning. (Tr. 24).

In addition to finding Plaintiff's complaints regarding fibromyalgia were not as severe as allged, the ALJ evaluated Plaintiff's other physical complaints and conducted a detailed analysis of the evidence. (Tr. 21-24). Based on his evaluation of the evidence, the ALJ found Plaintiff's physical complaints, including her complaints of a burning sensation in the hands, irritable bowel syndrome, right arm swelling, and pain in the neck and hips were not entirely credible. (Tr. 24). Instead, the ALJ found that the evidence, including Plaintiff's complaints to the extent credible supported his RFC finding of light work with occasional postural movements and occasional bilateral overhead reaching. (Tr. 14).

The ALJ also evaluated Plaintiff's claims of mental impairments. (Tr. 13-14, 15, 17-21). The ALJ recognized Plaintiff had mental impairments, but after evaluating the evidence under the special technique, found the impairments were not severe. (Tr. 13-14). The ALJ found Plaintiff had

6

no episodes of decompensation and only mild limitations in the other areas of adaptive functioning. (Tr. 13-14).

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 14, Finding 4) (emphasis added). The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform light work with additional physical and mental imitations. (Tr. 14, Finding 5).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

The ALJ properly considered these alleged complaints and in fact provided for them in his RFC determination. Substantial evidence supports the ALJ's findings.

### B. Step 4 Findings

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform her PRW. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform her PRW as a retail cashier and grocery clerk. This Court finds the ALJ's determination that Plaintiff has the RFC to perform her PRW is supported by substantial evidence

7

and in making that determination, the ALJ provided a sufficient basis for his determination.

The ALJ found Plaintiff retained the RFC to perform light work with occasional postural movements and occasional bilateral overhead reaching. (Tr. 14, Finding 5). The ALJ went on to find Plaintiff's PRW as a retail cashier and grocery clerk did not require performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 25). As a result, the ALJ determined Plaintiff had not been under a disability from May 30, 2009, through the date of his decision. (Tr. 26, Finding 8). Plaintiff argues the ALJ erred in his step four determination. ECF No. 11, Pgs. 18-20.

The burden is on the Plaintiff to demonstrate she is unable to return to her past relevant work. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir 2004). While VE testimony at step four is not necessary to determine if a claimant can perform his past work, the ALJ may consider VE testimony. *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007). A VE's response to a properly posed hypothetical question at step four provides substantial evidence to support the ALJ's finding that an individual can perform his past work. *Depover v. Barnhart,* 349 F.3d 563, 568 (8th Cir. 2003).

The ALJ asked the VE, by way of interrogatory, about the exertional demands and skill requirements of Plaintiff's PRW. (Tr. 296-300). In response, the VE answered Plaintiff's work as a retail cashier and grocery clerk was light. *Id.* The ALJ then asked the VE a hypothetical question that reflected Plaintiff's vocational factors and RFC to determine whether Plaintiff could perform her PRW. *Id*. In response to the ALJ's hypothetical question, the VE answered Plaintiff could perform her PRW as a retail cashier and grocery clerk. *Id.* Such answers, based on a hypothetical question consistent with the record, constitutes substantial evidence. *See Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005).

Based on the foregoing, I find the ALJ's determination that Plaintiff is able to perform her past relevant work is supported by substantial evidence**.**

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **13th day of June 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE